IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE A. WILKINS,<br>    Plaintiff<br><br>    v.<br><br>TOM WOLF, *et al.*,<br>    Defendants | No. 1:20-cv-2450<br><br>(Judge Rambo) |

## MEMORANDUM

Before the Court is *pro se* Plaintiff Maurice A. Wilkins ("Plaintiff")'s motion to compel discovery (Doc. No. 46) and Defendants' response thereto (Doc. No. 47).

### I.  BACKGROUND

On December 28, 2020, Plaintiff, who is currently detained at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI Huntingdon"), initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Tom Wolf ("Wolf"), John Wetzel ("Wetzel"), Kevin Kauffman ("Kauffman"), Jaime Stuller ("Stuller"), Anne Brown ("Brown"), and Craig Copper ("Copper"). (Doc. No. 1.) Plaintiff subsequently filed an amended complaint, adding C. Loy ("Loy") and Jill Spyker ("Spyker") as Defendants. (Doc. No. 12.) In his amended complaint, Plaintiff took issues with the measures taken by the Department of Corrections ("DOC") in response to the COVID-19 pandemic. Plaintiff asserted violations of his First, Eighth, and Fourteenth Amendment rights

as a result of these measures. (*Id.* at 5.) He sought declaratory and injunctive relief, as well as compensatory and punitive damages. (*Id.*)

Defendants subsequently filed a motion to dismiss (Doc. No. 23), to which Plaintiff filed a response (Doc. No. 28). In a Memorandum and Order dated April 22, 2021, the Court granted in part and denied in part the motion to dismiss. (Doc. Nos. 32, 33.) The Court denied the motion as to Plaintiff's Eighth Amendment claims regarding his medical diet against Defendants Stuller, Brown, and Copper and his Eighth Amendment claim concerning sleep disruption by the fog machine against Defendant Loy. (*Id.*) The Court dismissed Plaintiff's claims against Defendant Wolf with prejudice and dismissed all other claims without prejudice to Plaintiff's right to file a second amended complaint within thirty (30) days. (*Id.*)

Plaintiff filed his second amended complaint on May 7, 2021, again taking issues with the various measures imposed by the DOC as a response to the COVID-19 pandemic. (Doc. No. 36.) Plaintiff avers that Defendant Wetzel's policies caused him to not be fed for three (3) days because "diets are suspended during lockdowns." (*Id.* ¶ 12.) He claims that Defendant Wetzel ignored guidance regarding transfers and quarantines, causing infection spikes. (*Id.*) Plaintiff also claims that the policies "overzealously restricted [his] recreation time, causing significant weight increase that brought on obesity and borderline diabetes." (*Id.*) Plaintiff avers that Defendant Wetzel's restrictions infringed upon his "religious

2

obligations of congregational prayers on Fridays as a Muslim." (*Id.*) Plaintiff claims that Defendant Wetzel is "well aware of the prison conditions" and the "1800s" design of SCI Huntingdon because he has toured the facility. (*Id.*)

Plaintiff avers that Defendant Kauffman is responsible for facility operations and was "on notice" that staff members were not wearing masks and failed to act. (*Id.* ¶ 13.) He also claims that ventilation and filtration has been an issue that has gone unfixed for decades. (*Id.*) Plaintiff maintains that Defendant Kauffman is also responsible for the restrictions infringing upon his religious rights and had knowledge about the diet issues and lack of recreation. (*Id.*)

Next, Plaintiff claims that Defendants Walters and Spyker knew about his diet issues because they were the initial grievance officers. (*Id.* ¶ 14.) Plaintiff avers that "they supported the violations against [him] with the inadequate diet and not being fed for 3 days." (*Id.*) He also argues that they are responsible for the lack of recreation and the "right to exercise religious practices obligated for Fridays in congregation." (*Id.*)

Plaintiff then avers that Defendant Loy knew that the fog machine used every night between 2:00 a.m. and 4 a.m. caused Plaintiff to experience sleep deprivation and disregarded the matter when Plaintiff complained to her. (*Id.* ¶ 15.) He also maintains that Defendants Copper, Brown, and Stuller were deliberately indifferent to Plaintiff's diet issues. (*Id.* ¶ 16.) According to Plaintiff, he was given cold rice

3

for breakfast for months and was not fed for three (3) days. (*Id.*) Plaintiff avers that he has celiac disease and corn allergies and that all Defendants have demonstrated deliberate indifference to such. (*Id.*) Based on the foregoing, Plaintiff alleges violations of his First and Eighth Amendment rights. (*Id.* ¶ 26.) He seeks declaratory and injunctive relief, as well as damages. (*Id.* ¶¶ 28-34.)

Defendants subsequently filed a partial motion to dismiss (Doc. No. 37) Plaintiff' second amended complaint. In a Memorandum and Order dated June 10, 2021, the Court granted the partial motion to dismiss and dismissed all of Plaintiff's claims set forth in his second amended complaint, with the exception of his Eighth Amendment claims against Defendants Stuller, Brown, Copper, and Loy. (Doc. Nos. 40, 41.) Defendants Stuller, Brown, Copper, and Loy filed their answer on June 17, 2021. (Doc. No. 42.) The parties are currently engaged in discovery, which is currently scheduled to close on December 17, 2021.

## II. MOTION TO COMPEL

A party who has received evasive or incomplete discovery responses may seek a Court Order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). "The moving party must demonstrate the relevance of the information sought to a particular claim or defense." *Montanez v. Tritt*, No. 14-1362, 2016 WL 3035310, at *2 (M.D. Pa. May 26, 2016). "The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall

within the broad scope of discovery or is otherwise privileged or improper." *Id.* (citing *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982)).

It is well-established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the Court's discretion. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). The Court's decision regarding the conduct of discovery, including whether to compel disclosure of materials sought in discovery, will only be disturbed upon a showing of an abuse of discretion. *See Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides for a broad scope of discovery. Consequently, courts often – and appropriately – liberally apply discovery rules. *See, e.g., Clements v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citing *Great W. Life Assurance Co. v. Levithan*, 152 F.R.D. 494, 497 (E.D. Pa. 1994)). Nonetheless, a "valid claim[] of relevance or privilege" operates to restrict a court's otherwise broad discretion under Rule 26(b)(1). *See McConnell v. Canadian Pac. Realty Co.*, 280 F.R.D. 188, 192-93 (M.D. Pa. 2011).

Plaintiff seeks an Order compelling Defendants to respond to his first set of interrogatories and to produce the following documents: (1) the nutritional value and calorie count for his diet menus, from the start of his diet; (2) "all written statements, originals or copies, identified as reports about all incidents in [his] claims"; and (3) the logged decibel level of the fog machine, when tested by A. Scalia. (Doc. No. 46 at 1.) Defendants oppose his motion for the following reasons: (1) Plaintiff failed to comply with the requirements of Federal Rule of Civil Procedure 37; (2) they will immediately respond to Plaintiff's interrogatories; and (3) their objections to Plaintiff's three document requests are proper, and they provided "relevant, responsive documents. (Doc. No. 47.)

Rule 37 of the Federal Rules of Civil Procedure requires that a party moving to compel discovery submit to the Court "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiff's motion contains no such certification. Moreover, Defendants indicate that they did not provide timely responses to Plaintiff's interrogatories "[d]ue to an inadvertent oversight." (Doc. No. 47 at 3.) They maintain that if Plaintiff had brought this issue to their attention, "prior to filing his motion to compel, this oversight would have promptly been remedied." (*Id.*) Defendants state that they "immediately began preparing responses to the interrogatories" after

receiving Plaintiff's motion to compel. (*Id.*) They note that one of the Defendants is currently out of the office and that undersigned counsel will obtain responses to the interrogatories posed to him next week. (*Id.* at 3 n.1.) In light of Defendants' representation that they are preparing responses to the interrogatories, the Court will deny Plaintiff's motion to compel to the extent he seeks an Order directing responses to the interrogatories. This denial, however, will not preclude Plaintiff from challenging the adequacy of the responses in a future motion to compel, should he deem it necessary to do so.

Plaintiff also takes issue with Defendants' responses to three (3) of his document requests. First, Plaintiff requested information regarding the "nutritional value of all meals and the calorie count for all menus ever made up form the start of Plaintiff's diet. (Doc. No. 46-1 at 1.) Defendants objected, arguing that Plaintiff's request was "overly broad and not reasonably calculated to lead to the discovery of admissible evidence." (*Id.* at 7.) Without waiving the objection, Defendants provided the requested information for the menus from March 2020 to the present. (*Id.*) As noted *supra*, Plaintiff's second amended complaint encompasses the time period from March of 2020 until the present. Because Defendants have provided the menus for the relevant timeframe, Plaintiff's motion to compel will be denied as to this request.

Plaintiff next requested the production of "[a]ll written statements, originals or copies, identified as reports about all incidents in Plaintiff's claims." (*Id.*) Defendants objected, arguing that the request "is vague, overly broad, and unduly burdensome." (*Id.*) The Court agrees with Defendants. This is "precisely the kind[] of sweeping, generalized and overly broad discovery request[] judges in the Middle District of Pennsylvania have rejected as being . . . overly broad." *Mercaldo v. Wetzel*, No. 1:13-cv-1139, 2016 WL 5851958, at *4 (M.D. Pa. Oct. 6, 2016); *Lofton v. Wetzel*, No. 1:12-cv-1133, 2015 WL 5761918, at *2 (M.D. Pa. Sept. 29, 2015) (noting that the inmate-plaintiff's "requests for 'any and all' records of inspection, and 'all' incident reports and grievances [was] a grossly overstated fishing expedition").

Finally, Plaintiff requested the "logged decibel level of the fog machine, when tested by A. Scalia (Health & Safety Manager)." (Doc. No. 46-1 at 1.) He asserts that this request will "lead[] to prove the noise to be excessive as direct evidential proof to strengthen [his] claim of excessive noise." (Doc. No. 46 at 6.) As an initial matter, Plaintiff has not provided a complete copy of that request and Defendants' response. This Court's Local Rules provide that "[i]f relief is sought under any of the Federal Rules of Civil Procedure, a copy of the discovery matters in dispute shall be filed with the [C]ourt contemporaneously with any motion filed under these rules by the party seeking to invoke the [C]ourt's relief." M.D. Pa. L.R. 5.4(c); *see also*

8

*Njos v. United States*, No. 3:15-cv-931, 2017 WL 1228398, at *2 (M.D. Pa. Mar. 31, 2017).  In their brief in opposition, Defendants indicate that they objected to this request because it "seeks objectionable information that is not likely to lead to the discovery of admissible evidence." (Doc. No. 47 at 4.)  They further state:

> As Defendants indicated in their previous response to this request, the operator manual for the fog machine does not contain information regarding a recommended decibel level; therefore, conducting the requested test would not provide any context for what constitutes an "excessive" level.  Further, the Safety Manager is not an expert on this machine, and as such, this request is tantamount to improperly seeking to elicit expert testimony regarding the operation of the machine.

(*Id.*)  The Court agrees with Defendants that such information is not likely to lead to the discovery of admissible evidence.  The Court, therefore, will deny Plaintiff's motion to compel with respect to this request.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to compel discovery (Doc. No. 46) will be denied.  An appropriate Order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Dated: August 16, 2021